[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11808
Non-Argument Calendar

_____

D.C. Docket No. 5:11-cv-00042-WTH-PRL

MICHAEL W. JOHNSON,

Petitioner - Appellant,

versus

WARDEN, FCC COLEMAN - USP I,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 30, 2017)

Before TJOFLAT, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Michael Johnson appeals the dismissal of his petition for a writ of habeas

corpus. We apply our recent decision in *McCarthan v. Director of Goodwill*

*Industries-Suncoast, Inc.*, No. 12-14989 (11th Cir. Mar. 14, 2017) (en banc), to his

appeal. Because Johnson had an opportunity to challenge his sentence enhancement in a motion to vacate, we affirm the dismissal of his petition for a writ of habeas corpus.

Johnson is a federal prisoner sentenced in the Western District of Missouri. Johnson challenged the enhancement of his sentence under the Armed Career Criminal Act in his first motion to vacate, 28 U.S.C. § 2255. The district court denied his motion on the merits and the Eighth Circuit denied a certificate of appealability. During the course of his collateral proceedings, the Supreme Court decided *Begay v. United States*, 553 U.S. 137 (2008), and Johnson was transferred to a facility in the Middle District of Florida. Johnson filed a petition for a writ of habeas corpus, 28 U.S.C. § 2241, against the warden of his prison. He argued that in the light of *Begay*, the motion to vacate was "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e). The district court dismissed Johnson's petition for a writ of habeas corpus because Johnson did not meet the requirements of *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1262 (11th Cir. 2013).

This Court recently overruled its precedent in *Bryant* and held that "a change in caselaw does not make a motion to vacate a prisoner's sentence 'inadequate or ineffective to test the legality of his detention.'" *McCarthan*, slip op. at 2 (quoting 28 U.S.C. § 2255(e)). Because Johnson had "an opportunity to challenge his

2

sentence enhancement," and in fact did so, "his remedy was not inadequate or ineffective to test the legality of his sentence, regardless of any later change in caselaw." *Id.* We **AFFIRM** the dismissal of Johnson's petition for a writ of habeas corpus.